Thomas C. Brady, Esq. Informal Opinion Town Attorney No. 96-32 Town of Ellicottville P. O. Box 227 Salamanca, N Y 14779-0227
Dear Mr. Brady:
You have asked whether the Town of Ellicottville may provide defense and indemnification to commissioners of a joint fire district formed by the Town and the Village of Ellicottville. You have referred to Op Atty Gen No. 96-F6 (see also, Op Atty Gen [Inf] No. 90-41), where we applied provisions of section 18 of the Public Officers Law authorizing the governing body of a municipality for whose benefit a public entity has been established, to provide at municipal expense for the defense and indemnification of officers and employees of the public entity. See, Public Officers Law § 18(2)(b). As indicated in our 1990 opinion, this provision authorizes a municipality to agree to defend and indemnify a public entity formed for its benefit. We do not believe, however, that a joint fire district falls within these particular provisions of section 18. It is distinguishable from the public entities examined in the above two opinions.
We note that a joint fire district falls within the definition of "public entity" used in section 18 of the Public Officers Law. A joint fire district is a "district corporation", defined as
 any territorial division of the state, other than a municipal corporation, heretofore or hereafter established by law which possesses the power to contract indebtedness and levy taxes or benefit assessments upon real estate or to require the levy of such taxes or assessments, whether or not such territorial division is expressly declared to be a body corporate and politic by the statute creating or authorizing the creation of such territorial division. General Construction Law § 66; see, Town Law §§ 189-a(2)(d), 176(18), (27).
Under section 18 the term "public entity" is defined broadly to mean a county, city, town, village "or any other political subdivision or civil division of the state . . . or . . . any other separate corporate instrumentality or unit of government". Public Officers Law §18(1)(a). We believe a fire district or joint fire district falls within this definition.
A joint fire district, however, is formed to benefit certain property included in the town(s) and village(s) that are included within the boundaries of the district. Town Law §§ 189-a(2)(d), 171. Thus, a joint fire district is not a public entity that has been established for the benefit of the municipalities. It has been established to benefit particular property and property owners included within the joint district. It follows that the municipalities may not confer the benefits of section 18 at municipal expense upon the officers and employees of the joint fire district. A joint fire district is distinguishable from an industrial development agency and a soil and water conservation district, examined in Op Atty Gen (Inf) No. 90-41 and Op Atty Gen No. 96-F6. State law specifically provides that those public entities are formed for the benefit of the municipality. Industrial development agencies are established for the benefit of "the governing body of the municipality". General Municipal Law § 856(1)(a). Soil and water conservation districts are created upon a finding by the county's legislative body that conservation of soil and water resources, control and prevention of soil erosion and prevention of flood water and sediment damages are problems of public concern in the county. Soil and Water Conservation Districts Law § 5.
Under section 18, however, a joint fire district as a public entity, can itself provide for defense and indemnification of its officers and employees. The provisions of section 18 apply to any public entity whose governing body elects to confer the section's benefits upon its officers and employees and to be held responsible for the costs incurred. Public Officers Law § 18(2)(a). The commissioners of a joint fire district may apply section 18 to the district.
Upon compliance by officers and employees of the joint fire district with the procedural requirements of section 18, the district would be responsible for their defense in any civil action or proceeding, State or Federal, arising out of an alleged act or omission which occurred or allegedly occurred while they were acting within the scope of their public employment or duties. Id., § 18(3)(a). The joint fire district also would have responsibility for indemnifying and saving harmless its officers and employees in the amount of any judgment, in any State or Federal court, or in the amount of any settled claim, provided that the act or omission from which the judgment or settlement arose occurred while they were acting within the scope of their public employment or duties. Id., § 18(4)(a). Settlements must be approved by the commissioners of the joint fire district. Id.
The expense of defense and indemnification would be a district charge against property included within the district and, therefore, would be paid by persons receiving the benefits of the district. The joint fire district is authorized to purchase insurance from any insurance company created by or under the laws of the State or authorized to do business in this State against any liability imposed by section 18 or it may act as a self-insurer. Id., § 18(8).
We conclude that a joint fire district is a public entity which can provide for the defense and indemnification of its officers and employees in accordance with section 18 of the Public Officers Law. In that a joint fire district is formed for the benefit of property included within the district and not to benefit the municipalities, there is no authority under section 18 for provision of defense and indemnification by the municipalities.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General
in Charge of Opinions